```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**CHARLES W. SIMPSON,**

                    Petitioner,

       v.                                CASE NO. 03-3209-RDR

**COMMANDANT, USDB,**

                    Respondent.

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2241 by a prisoner incarcerated at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. The court has examined the record and enters the following findings and order.

**Background**

Petitioner was tried by a general court-martial in late 1996 and early 1997 at Fort Drum, New York. He was convicted of indecent assault, attempted rape, obstruction of justice, and forcible sodomy. He was sentenced to a reduction to E-1, forfeitures of all pay and allowances, confinement for 20 years, and a dishonorable discharge. The sentence was approved by the convening authority, and petitioner was given credit for 55 days in pretrial confinement.

Petitioner unsuccessfully pursued appellate review in the Army Court of Criminal Appeals and in the Court of Appeals for the Armed Forces. His conviction became final on August 14, 2002. Petitioner seeks habeas corpus relief upon the following claims:

1. The military judge denied petitioner due process when he refused to sever the charges against petitioner.

2. The military judge denied petitioner due process when he instructed the panel members on attempted rape.

3. The military judge denied petitioner due process when he entered the panel deliberation room during deliberations.

4. Defense counsel provided ineffective assistance by failing to challenge the credibility of a witness.

5. Defense counsel provided ineffective assistance by failing to object to the instruction on attempted rape.

## Discussion

The federal courts have only limited authority to review decisions made by the courts-martial. See Burns v. Wilson, 346 U.S. 137, 139-42, 144, (1953)(plurality).

Generally, if the grounds for relief a petitioner presents were afforded full and fair review in the military courts, the federal court will not consider them. An issue is considered to have received "full and fair consideration" if it was briefed and argued, even if the military tribunal summarily disposed of the

matter.  See Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986).  Likewise, if a claim was not presented to the military courts, this court will consider that ground waived.  The sole exception to such a waiver is that a petitioner may obtain review by showing cause and actual prejudice for the default.  Roberts v. Callahan, 321 F.3d 994, 995 (10th Cir. 2003)(internal citations omitted).

Finally, if an issue was raised before the military courts, the federal court will examine four factors to determine whether it was given full and fair consideration: (1) the asserted error must be of substantial constitutional dimension; (2) the issue must be one of law rather than of disputed fact already determined by the military tribunals; (3) military considerations may warrant different treatment of constitutional claims; and (4) military courts must give adequate consideration to issues involved and apply proper legal standards. See Lips v. Commandant, 997 F.2d 808, 811 (10th Cir. 1993).

The record before the court show the petitioner's claims were presented to and considered by the military courts.  Doc. 11, Attach. 4-7.  Under the Watson standard, this constitutes full and fair consideration.  Watson, 782 F.2d at 145.

The court has examined the portions of the military records provided and has considered the arguments specific to each point raised by the parties.  Having conducted this review, the court

3

finds no legal basis to conduct additional review of petitioner's claims for relief.

## Conclusion

The court concludes the claims asserted by the petitioner were asserted in the military courts and were given full and fair consideration by those courts. Under the governing case law, such consideration bars review absent extraordinary circumstances. The court finds no such circumstances in the present case.

IT IS THEREFORE ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 28th day of September, 2005, at Topeka, Kansas.

> S/ Richard D. Rogers
> RICHARD D. ROGERS
> United States District Judge